UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEVEN J. BANK,<br><br>                        Petitioner,<br>    v.<br>THE HON. SHANNON NORDSTROM, et al.,<br><br>                        Respondent. | Case No. 2:19-cv-01049-GMN-BNW<br><br>ORDER |

       This *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 comes before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Following review, the petition will be dismissed for lack of jurisdiction.

       In his petition, petitioner appears to challenge the issuance of a traffic citation and the city attorney's refusal to dismiss the case. (ECF No. 1-1 at 1-2). He also asserts various constitutional violations in connection with the issuance of the citation. (*See id.*)

       The Court has jurisdiction to issue a writ of habeas corpus to someone who "is in custody in violation of the Constitution or laws or treaties of the United States. . . ." 28 U.S.C. § 2241(c)(3). The "in custody" requirement is jurisdictional. *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam). It does not appear that petitioner is currently in custody and he makes no allegations that would establish in "in custody" requirement. In general, imposition of a fine does not suffice. *Bailey v. Hill*, 599 F.3d 976, 979 (9th Cir. 2010); *Williamson v. Gregoire*, 151 F.3d 1180, 1183

1

(9th Cir. 1998); *Dremann v. Francis*, 828 F.2d 6, 7 (9th Cir. 1987). No other allegations would appear to support a finding that petitioner is "in custody."

If, however, petitioner is indeed in custody, the petition would instead be subject to dismissal on the alternative ground that he has failed to pay the filling fee or submit a complete pauper application with all required attachments. LSR 1-1 & 1-2.

In accordance with the foregoing, IT IS THEREFORE ORDERED that the petition in this action is hereby DISMISSED for lack of jurisdiction or, in the alternative, as improperly commenced.

IT IS FURTHER ORDERED that petitioner is DENIED a certificate of appealability, as jurists of reason would not find the Court's dismissal of the petition to be debatable or wrong.

The Clerk of Court shall enter final judgment accordingly and CLOSE this case.

IT IS SO ORDERED.

DATED THIS 20 day of June 2019.

GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE